UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NICHOLAS THOMPSON                                    PLAINTIFF

VS.                        CIVIL ACTION NO. 3:12CV587TSL–JMR

CAJUN DEEP FOUNDATIONS, LLC                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Cajun Deep Foundations, LLC (Cajun), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Nicholas Thompson has responded to the motion and the court, having considered the memoranda of authorities, together with all proper  attachments,[1] submitted by the parties, concludes the motion is well taken and should be granted.

Plaintiff Nicholas Thompson, who is African American, claims in this case that he was terminated from his employment with Cajun on account of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.[2] Cajun seeks summary judgment on the basis that plaintiff cannot establish a *prima facie* case of discrimination, and that even if he could prove a

_____

[1]    Defendant has asserted a meritorious objection to exhibits submitted by plaintiff with his response, and those exhibits have been disregarded by the court in its consideration of the summary judgment motion.

[2]    Plaintiff had alleged a claim for retaliation, as well, but in response to Cajun's motion, conceded the retaliation claim, leaving for consideration only his claim for race discrimination.

*prima facie* case, he has no evidence to rebut defendant's articulated reason for his termination.

The record evidence establishes the following undisputed facts. Cajun was hired by Bechtel, general contractor, to perform certain welding work on a project at a refinery in Pascagoula, Mississippi owned by Chevron. Plaintiff was hired by Cajun on July 20, 2011 to perform welding work on the Chevron project, at a pay rate of $25 per hour. Prior to the start of welding duties, all welders, including plaintiff, were required to pass certification testing on the welding procedure that Cajun had been instructed to use on the project. Although Thompson passed the test in late July and began to perform welding duties for Cajun, his certification was pulled, or taken away, on August 15, 2011 by Austin Hillman, a welding inspector for Cajun. Hillman reported that he pulled plaintiff's certification because plaintiff was insubordinate in that he failed to perform his welding work properly, failed to follow directions from his superiors as to how the work was to be performed and displayed a bad attitude when being shown the proper technique. Plaintiff denies this.

Although his initial welding certification was pulled, plaintiff was allowed to retest on August 18, 2011, along with all Cajun's welders, after a new welding procedure was implemented. Of seven welders tested, two, including plaintiff, failed to pass. Plaintiff contends that while this testing was set up to be

2

conducted by a third party, Tech-Weld, his testing was actually monitored by Cajun's Austin Hillman, who stopped him before he had completed the testing and would not allow him to finish.

As a result of his failure to obtain certification on the new welding procedure, plaintiff was not allowed to perform the welding work for which he had been hired.  Plaintiff was not terminated at that time, though, but was instead assigned non-welding duties, including preparing materials to be used by the welders and flagging heavy equipment and vehicles as they moved around the Chevron facility.  Moreover, while these non-welding duties typically were compensated at a lower rate, plaintiff continued to be compensated at the higher welder's rate of pay.  However, on August 26, 2011, plaintiff was terminated from his employment with Cajun, ostensibly for unsatisfactory job performance.  According to defendant, job superintendent Benji Ficklin terminated plaintiff's employment because he found that (1) plaintiff's preparation work for the welders (including third-party welders who had been contracted by Cajun to perform certain specialized welding procedures) was not up to par, resulting in the welders complaining that they were having to re-cut and bevel their own pipe since the prep work was not being done correctly; (2) when assigned flagging duties, plaintiff was frequently not in his designated work area, which caused supervisors to have to look for him, get someone else to do the flagging or do the flagging

themselves; (3) plaintiff displayed behavior which demonstrated his dissatisfaction with his non-welding role; and (4) plaintiff had an unexcused absence from work on August 25, 2011.

To establish a claim of discriminatory discharge, plaintiff must first establish a prima facie case of discrimination. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Defendant may then offer a legitimate, non-discriminatory reason for the termination, at which time the plaintiff "'must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).'" <u>Keelan v. Majesco Software, Inc.</u>, 407 F.3d 332, 341 (5th Cir. 2005) (quoting <u>Rachid v. Jack In The Box, Inc.</u>, 376 F.3d 305, 312 (5th Cir. 2004)).

To prove a prima facie case of discriminatory discharge, plaintiff must establish that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, show that other similarly situated employees were treated more favorably. <u>Bryan v. McKinsey & Co., Inc.</u>, 375 F.3d 358, 360 (5th

4

Cir. 2004) (citing Okoye v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507, 512 (5th Cir. 2001)).

Defendant does not dispute the first three elements of plaintiff's *prima facie* case. Plaintiff is a member of a protected class, was qualified for his position (at least with respect to the non-welding duties), and was subject to an adverse employment action. However, defendant challenges the sufficiency of plaintiff's proof as to the fourth element, i.e., the requirement that he present evidence to create a triable issue with respect to whether he was replaced by someone outside the protected class, or whether other similarly situated employees were treated more favorably. Bryan, 375 F.3d at 360.

In response to defendant's motion, plaintiff does not contend he was replaced by someone outside his protected class, or that any employee outside the protected class engaged in the same conduct for which was terminated and yet was not terminated.[3] Rather, he contends that he has satisfied the fourth element of

---

[3]     Plaintiff does argue and undertake to show that white welders who had performance issues did not have their welding certifications pulled or prevented from completing their certification tests.  However, there is no evidence that plaintiff was terminated for any real or perceived deficiencies in his welding.  It is undisputed that he was retained in Cajun's employ in a non-welding capacity after he lost his welding certification. Accordingly, the evidence he has offered regarding white welders is immaterial.  The court notes that defendant has presented what seem to be meritorious objections to the competence of such evidence, but the court need not consider defendant's specific objections since the evidence is not relevant in any event.

his *prima facie* case by presenting proof that he did not commit the violations for which he was allegedly terminated.  The Fifth Circuit has held that "[i]n work-rule violation cases, a Title VII plaintiff may establish a *prima facie* case by showing 'either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly.'" Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995) (quoting Green v. Armstrong Rubber Co., 612 F.2d 967, 968 (5th Cir. 1980)).  Plaintiff evidently takes the position that this is a work-rule violation case.  However, with one possible exception, defendant does not contend that plaintiff was terminated for violation of any workplace rule or policy.

It is possible that an employee's unexcused absence wouild violate a company policy on absenteeism; but neither party has presented evidence of any absenteeism policy.  If plaintiff's alleged unexcused absence on August 25, 2011 was a violation of a company absenteeism policy, then the court might find that plaintiff had created an issue of fact as to whether plaintiff had violated such policy since plaintiff has testified that he had no unexcused absence.  However, plaintiff was not terminated merely because of an unexcused absence.  Rather, defendant maintains he was terminated because of his unsatisfactory job performance, including his failure to correctly do the preparation work for the welders and his failure to remain in his designated work area when

6

assigned flagging duties.  In the court's opinion, these performance deficiencies would not qualify as work-rule violations.  But even if they arguably could be so categorized, plaintiff has failed to present competent evidence to create a genuine issue for trial on whether he committed these "violations."  The court acknowledges that plaintiff has submitted an affidavit in which he states, "I deny that I ever had problems with my performance."  However, this is plainly insufficient to create a genuine issue for trial on the specific performance issues cited by defendant as the basis for his termination.  Cf. Mire v. Texas Plumbing Supply Co., Inc., 286 Fed. Appx. 138, 143-144 (5th Cir. 2008) (holding that employee's "bare assertions that she did not perform poorly is not sufficient to raise a fact issue as to the legitimacy of [employer's] proffered reasons"); Ajao v. Bed Bath & Beyond Inc., 265 Fed. Appx. 258, 263 (5th Cir. 2008) ((holding that employee did not create a fact issue as to whether employer's poor-performance reason was a pretext where employee produced no evidence of his own good performance and instead merely offered subjective belief that she performed adequately, was not dishonest, and was not combative); Machinchick v. PB Power, Inc., 398 F.3d 345, 355 (5th Cir. 2005) (finding that employee's testimony by which he merely denied employer's proffered reason for his termination was not sufficient to raise fact issue).  Plaintiff has presented no evidence to refute

defendant's assertion that plaintiff's prep work for the welders was not "up to par," and in fact he has not addressed that specific allegation at all.  He did address in his deposition testimony defendant's complaint that he was frequently away from his designated work area when assigned flagging duties by explaining that he was available by radio at all times.  Yet being available to be summoned to one's designated work area from another location is not the same as being present in one's designated work area.

Based on the foregoing, the court concludes that plaintiff has failed to create a genuine issue of material fact on the fourth element of his *prima facie* case and defendant is therefore entitled to summary judgment.  The court would note further, though, that just as plaintiff's proof is insufficient to create a genuine issue for trial on his *prima facie* case, it is also insufficient to create an issue for trial on pretext.  The Fifth Circuit has held that "[t]o survive summary judgment, a plaintiff relying on pretext must 'produce evidence rebutting all of a defendant's proffered nondiscriminatory reasons.'" <u>Mire</u>, 286 Fed. Appx. at 138 (quoting <u>Machinchick</u>, 398 F.3d at 351 & n.16).  That is, he must provide evidence demonstrating the falsity of each of defendant's reasons.  <u>Id</u>.  This, plaintiff has not done.

Accordingly, it is ordered that defendant's motion for summary judgment is granted.

8

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 3rd day of October, 2013.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE